AB:VAZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

SHAQUAN COLOMA,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

AFFIDAVIT AND
COMPLAINT
IN SUPPORT OF AN
ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

No. 21-M-460

EASTERN DISTRICT OF NEW YORK, SS:

       DOUGLAS HUMPHREY, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

       On or about April 4, 2021, within the Eastern District of New York, the defendant SHAQUAN COLOMA, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce ammunition.

       (Title 18, United States Code, Section 922(g)(1))

       The source of your deponent's information and the grounds for his belief are as follows:[1]

       1.     I am a Special Agent with the Federal Bureau of Investigation for more than five years. I am responsible for conducting and assisting in investigations into the activities

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

of individuals and criminal groups responsible for racketeering and for other crimes associated with organized crime and violent criminal gangs.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; from my review of the investigative file (as well as recovered video-surveillance footage that captures many of the events described below); and from reports of other law-enforcement agents involved in the investigation. Unless specifically indicated, I report in this affidavit only in substance and part the contents of documents and the actions, statements, and conversations of others.

3. On or about April 4, 2021, at approximately 10:30 p.m., a male individual, later identified to be the defendant SHAQUAN COLOMA, and a female individual were walking their dog near a grocery store at 110-62 Corona Avenue in Corona, New York. They began what appeared to be a loud public argument, much of which was captured on video surveillance. The video-surveillance footage showed that the female individual pushed the male individual at least once, and he blocked her way. A witness later told NYPD that the female individual said, "Stop hitting me."

4. The video-surveillance footage showed that the argument prompted Victim-1 and Victim-2—both passengers from a car double-parked along the street—to approach the couple. The footage showed that the male individual immediately pulled a dark-colored firearm from his pants, appeared to rack its slide, and held it in his right hand, walking toward and looking at Victim-1 and Victim-2.

5. The video-surveillance footage showed that Victim-1 and Victim-2 hurried into their car. Once the male individual approached the car, he aimed his firearm at the sky and shot one round. The shot startled the dog and caused the victims to run through a red

light in an attempt to flee the area.  The male individual left the scene after appearing to have placed the firearm under his clothes.

    6.  Based on my training and experience, I know that when a firearm is discharged, the shell casing containing the bullet is expelled from the firearm's chamber and drops to the floor as the bullet is shot.  An evidence collection team for the New York City Police Department ("NYPD") canvassed the scene and found a shell casing around where the male individual stood as he fired his shot.  Based on my conversation with an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the recovered shell casing was manufactured outside the State of New York.

    7.  On or about April 6, 2021, the NYPD conducted a photo array, which included a photo of COLOMA, for Victim-1.  Victim-1 did not identify any of the photographed individuals as the male who fired the shot.

    8.  Nonetheless, on or about that day, two members of the NYPD—a detective from the Queens North Gang Squad and a Field Intelligence Officer ("FIO") for the neighborhood—independently identified the male individual as COLOMA.  The detective and FIO, who have had multiple lengthy interactions with COLOMA, made their identifications after reviewing a wanted poster that included a still of the male individual from the video-surveillance footage.

    9.  I also inspected COLOMA's publicly accessible Instagram social-media webpage.  Among his published photos is one of him and a dog that appears to be the one in video-surveillance footage of the shooting.

    10.  In an "Instagram Story," in which Instagram accountholders may share photos and short videos, COLOMA posted a video of a woman who appears to be the female

individual at the scene of the shooting. In the Instagram Story, COLOMA identified the woman as "my heart♥♥." Based on the Instagram Story and my conversations with NYPD law-enforcement agents, I believe that the woman in the Instagram Story is COLOMA's girlfriend.

11. I have reviewed COLOMA's criminal history records and have determined that he has one prior conviction for attempted assault in the first degree, with intent to disfigure, dismember, or disable, in violation of New York Penal Law § 120.10(2), a Class B felony punished by a term of imprisonment of more than one year. He also served more than one year in prison.

12. Based on the criminal history records, I know that COLOMA is presently serving a term of parole for the state conviction described above. The residence COLOMA reported to his parole officer is about three blocks from the site of the shooting. A neighbor told members of the NYPD that COLOMA and his girlfriend live together in that residence.

13. I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the Internet. Premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets, such as COLOMA, an opportunity to flee from prosecution, destroy or tamper with evidence, and change patterns of behavior.

WHEREFORE, your deponent respectfully requests that the Court issue an arrest warrant under seal for the defendant SHAQUAN COLOMA so that he may be dealt with according to law.

      /s/ Douglas Humphrey
DOUGLAS HUMPHREY
Special Agent, Federal Bureau of Investigation

Sworn to before me by reliable electronic means this
___13th___day of April, 2021


*Vera M. Scanlon*
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK